# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

216
## BROADWAY v. LUCAS COUNTY AGRICULTURAL SOCIETY
Ohio Court of Appeals, Lucas County. No. 1288
February 26, 1923
This opinion has not been published except in Abstract.

**LIABILITY FOR ANIMALS—(1)** Averment in petition of knowledge of all conditions and dangers includes averment of knowledge of particular danger—**(2)** Owner of domestic animal liable for injury caused by animal only when he knows of its vicious propensity—**(3)** Person not the owner or keeper of domestic animal cannot be held liable for injuries caused by it.

RICHARDS, J.

Epitomized Opinion
Error to Lucas Court of Common Pleas

Broadway, while a patron of the Agricultural Society at its fair, was kicked and injured by a young stallion owned by one of the exhibitors at the fair. Broadway brought action against the Society for damages, averring that the Society was negligent and that it knew all the conditions and dangers in allowing the stallion to be exhibited. The Society urges that the petition should have averred that it knew of the dangers for a sufficient length of time to have prevented the injuries. There is no evidence that the Society knew of the vicious nature of the stallion.

Held by Court of Appeals in affirming judgment for the Agricultural Society:

1. An averment in petition that the owner of a domestic animal knew all the dangers attendant upon allowing it to be exhibited includes an averment that the owner knew of the danger a sufficient length of time to have prevented the injury.

2. The owner of a domestic animal is not liable for the injury caused by the animal while in a place where it may rightfully be, unless it is shown that the animal was vicious in the particular complained of, and that the owner knew of such vicious propensity.

3. The Lucas County Agricultural Society was not the owner nor keeper of the stallion, nor in charge of it, and had no notice of its vicious propensity.

Attorneys, Fritsche, Kruse & Winchester and J. V. Easley, for Broadway; Tyler, Northup & McMahon and Smith, Baker, Effler, Allen & Eastman, for the Society.

217
## NATIONAL BANK OF COMMERCE v. WIENETSKY
Ohio Court of Appeals, Lucas County. No. 1272.
February 19, 1923
This is opinion has not been published except in Abstract

**JURISDICTION OF APPELLATE COURT — (1)** Court of Appeals cannot consider weight of evidence in case where verdict of jury was set aside by trial judge as being against weight of evidence.

Epitomized Opinion
Error to Lucas Court of Common Pleas
BY THE COURT:

Wienetsky commenced action in the lower court to recover various sums delivered by him to the bank for the purchase of kronen to be sent by it to his wife in Austria-Hungary. The evidence differs as to why the Bank failed to remit the money. The case has been tried to four different juries, two of which were unable to agree and one of which returned a verdict for Wienetsky, which verdict was set aside by the trial court because it was contrary to law and against the weight of the evidence. The last jury returned a verdict for Wienetsky and the Bank prosecutes error to this court. Held by Court of Appeals in affirming judgment:

1. Where a verdict is set aside, by the trial judge, by a decision which recites that one of the grounds is that the verdict was against the weight of the evidence, the Court of Appeals is without power to consider the weight of the evidence as set forth in the record. Cleveland Ry. Co. v. Trendal, 101 O. S. 316.

Attorneys, Smith, Beckwith & Ohlinger, for the Bank; B. W. Johnson and Mrs. Eva Epstein Shaw, for Wienetsky.

218
## SIBOLD v. BOWLING GREEN
Ohio Court of Appeals, Wood County. No. 288.
February 19, 1923
This opinion has not been published except in Abstract.

**MOTOR BUS—(1)** Conviction of illegally operating bus, improper unless evidence supports specific violation charged—**(2)** Ordinance regulating motor busses within city not attempt to exact toll from busses passing through city—**(3)** Sentence must state "defendant is committed until fine paid or otherwise discharged by law."

CHITTENDEN, J.

Epitomized Opinion
Error to Wood Court of Common Pleas

Sibold was convicted of violating an ordinance of Bowling Green, making it unlawful to operate a bus which indiscriminately accepts or discharges passengers for hire within the city without obtaining a license. Sibold was driving the bus between Toledo and Findlay and while he was passing through Bowling Green was arrested; although he neither accepted nor discharged passengers nor made any stops within the city until he was arrested. Sibold claims that the ordinance in question is invalid because it is an attempt by the city to exact toll from busses passing through the city. He also claims that the sentence was improper in that it stated "defendant should pay a fine of $25, etc., and should stand committed until the fine and costs were paid."

Held by Court of Appeals in reversing the conviction:

1. A conviction under an ordinance making it unlawful to operate a bus which indiscriminately accepts or discharges passengers is unwarranted, unless it is proved that defendant did at the time charged, accept or discharge passengers. The previous practice of the defendant is immaterial to the case.

2. An ordinance regulating the operation of motor busses within a city, is not an attempt to exact toll from busses passing through the city. The court does not attempt to decide as to the power of the city to pass such an ordinance.

3. A sentence stating that "the defendant is committed until fine and costs are paid" is erroneous in that it does not provide "committed until fine is paid or otherwise discharged by law."

Attorneys, B. H. James and E. H. Young, for Sibold; W. B. James, city solicitor, for city.